IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PAUL CHENG,
Plaintiff,
v.
SONYA BENSON, c/o
H.R. Manager,
Defendant.

Case No. 04 C 5940

Honorable Charles R. Norgle

**OPINION AND ORDER**

CHARLES R. NORGLE, District Judge

On September 9, 2004, Plaintiff Paul Cheng ("Cheng") filed an Age Discrimination in Employment Complaint in the district court against his supervisor, Defendant Sonya Benson ("Benson"). For the following reasons, the court, *sua sponte*, dismisses Cheng's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I. INTRODUCTION[1]

### A. Facts

Cheng, age 57, alleges that he was employed by Dominick's Finer Foods, Inc. ("Dominick's"), in Oak Brook, Illinois. Cheng does not specify the dates his employment began or ended at Dominick's. It is unclear from the Complaint exactly what position Cheng held, but at some point, Cheng's duties apparently included making pizzas, and taking out the garbage.

[1] The facts are taken solely from Cheng's Complaint, as Defendant Benson has not yet answered or otherwise pled. Cheng's Complaint is sparse as to the details of his employment and ultimate termination at Dominick's, and the court reconstructs these events as best it can.

Cheng's supervisor, Benson, fired Cheng at some point (Cheng alleges that some unspecified discrimination occurred on or about April 11, 2002). Cheng alleges that Benson fired him after the following chain of events. Cheng, while working at his job making pizzas, decided on his own initiative or was asked to take out the garbage. Cheng took the garbage out, then allegedly returned to making pizzas without washing his hands or putting on plastic sanitary gloves. Cheng denies this chain of events occurred. At this point, Benson allegedly fired Cheng. Cheng also alleges that Benson derisively mocked Cheng's slow style of walking, and placed two false and unfavorable letters in Cheng's employment file at Dominick's. Additionally, Cheng alleges that he was forced to perform his duties at a dangerous work station.

**B. Procedural History**

Cheng alleges that he filed an employment discrimination charge with the Illinois Department of Human Rights on or about August 8, 2002. However, no copy of the charge is attached to the Complaint. Cheng also alleges that the United States Equal Employment Opportunity Commission issued him a Notice of Right to Sue letter on June 15, 2004, but no copy of this letter is attached to the Complaint.

Cheng filed suit in the district court on September 9, 2004. He alleges only discrimination based on age, pursuant to the Age Discrimination in Employment Act (29 U.S.C. § 621 *et seq.*). Cheng names only his supervisor Benson as a Defendant.

## II. DISCUSSION

**A. Standard of Decision**

When reviewing a motion to dismiss under Rule 12(b)(6), a court merely looks to the sufficiency of the complaint. Autry v. Northwestern Premium Servs., Inc., 144 F.3d 1037, 1039

(7th Cir. 1998). In examining a motion to dismiss, a court should "accept all well-plead allegations in the complaint as true," Flannery v. Recording Indus. Ass'n of Am., 354 F.3d 632, 637 (7th Cir. 2004), and view "plaintiff's factual allegations and any inferences reasonably drawn therefrom in a light most favorable to the plaintiff." Yasak v. Ret. Bd. of the Policemen's Annuity Fund, 357 F.3d 677, 678 (7th Cir. 2004). Dismissal under Rule 12(b)(6) is proper when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Weizeorick v. Abnamro Mortgage Group, Inc., 337 F.3d 827, 830 (7th Cir. 2003). Put another way, "[d]ismissal under Rule 12(b)(6) is only appropriate when there is no possible interpretation of the complaint under which it can state a claim." Flannery, 354 F.3d at 637.

**B. The Age Discrimination in Employment Act ("ADEA")**

The ADEA was promulgated in order to protect older workers from the insidious effects of workplace discrimination based on age. "It is therefore the purpose of [the ADEA] to promote employment of older persons based on their ability rather than age; to prohibit arbitrary age discrimination in employment; to help employers and workers find ways of meeting problems arising from the impact of age on employment." 29 U.S.C. § 621(b). The ADEA expressly forbids an employer from discriminating against individuals in the workplace on the basis of age. "It shall be unlawful for an employer - (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age . . . ." Id. at § 623(a). The ADEA defines an "employer" as "a person engaged in an industry affecting commerce who has twenty or more employees . . . The term also means (1) an agent of such a person, and (2) a

State or political subdivision of a State . . . ." Id. at § 630(b).

The United States Supreme Court, in General Dynamics Land Systems v. Cline, has explained the legislative intent behind the ADEA. This legislation was intended, broadly speaking, to "forbid[] discriminatory preference for the young over the old." 540 U.S. 581, 584 (2004). "Congress's interpretive clues speak almost unanimously to an understanding of discrimination as directed against workers who are older than the ones getting treated better." Id. at 586. The legislative history of the ADEA indicates that Congress was aware of the fact that "an individual's chances to find and keep a job get worse over time; . . . [and] the older [are] more apt to be tagged with demeaning stereotype." Id. at 589. This legislation was promulgated, therefore, to protect older workers from suffering discrimination that would work to their disadvantage, while giving an unfair advantage to younger workers. Id. at 590-91.

**C. No Supervisor Liability under the ADEA**

***1. The Seventh Circuit's Rejection of Supervisor Liability under the ADEA***

The plain language of the ADEA clearly holds entities, such as businesses or state agencies, who have twenty or more employees liable for age discrimination in the workplace. 29 U.S.C. § 630(b). The ADEA also holds "agents" of such entities liable for age discrimination. Id. The issue of "individual liability," however, remains a separate question. "We use 'individual liability' to mean the liability of individuals who do not otherwise meet the statutory definition of employer." EEOC v. AIC Sec. Investigations, 55 F.3d 1276, 1280 n.2 (7th Cir. 1995). The issue in the instant case is thus whether an individual can be held liable for age discrimination in his or her "purely individual capacity" (as opposed, for example, to a sole proprietor of a business held liable as an employer). Id. The Seventh Circuit also refers to this

sort of liability as "supervisor liability." Id.

In examining the question of "supervisor liability" under the ADEA, the Seventh Circuit notes that the definition of "employer" is virtually identical in Title VII of the Civil Rights Act ("Title VII"), the Americans with Disabilities Act ("ADA"), and the ADEA. Williams v. Banning, 72 F.3d 552, 553 (7th Cir. 1995).[2] Courts therefore "routinely apply arguments regarding individual liability to all three statutes interchangeably." Id. (quoting AIC, 55 F.3d at 1280). The Seventh Circuit has held that there is no individual, or supervisor, liability under the ADA, reasoning that since Congress "granted only remedies that an employing entity, not an individual, could provide," and that since Congress "enacted no [damage] cap for individuals," Congress did not intend to hold individuals liable. AIC, 55 F.3d at 1279-81.

Given the virtually identical definition of "employer" in Title VII, the ADA, and the ADEA, the Seventh Circuit has indicated a great deal of skepticism towards the notion of supervisor liability under the ADEA. See id. at 1282 n.10 ("We emphasize that our holding [no supervisor liability] only applies directly to the ADA, though it obviously affects the resolution of the very similar questions under Title VII and the ADEA."); see also Horowitz v. Bd. of Educ., 260 F.3d 602, 610 n.2 (7th Cir. 2001) ("we have suggested that there is no individual liability under the ADEA"); Williams, 72 F.3d at 553-54; Thelen v. Marc's Big Boy Corp., 64 F.3d 264, 267 n.2 (7th Cir. 1995) ("Because the relevant language in the ADA and the ADEA are

---

[2] Title VII defines an employer as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more or more calendar weeks in the current or preceding calendar year . . . ." 42 U.S.C. § 2000e(b). The ADA identifies an employer in the same manner. 42 U.S.C. § 12111(5)(A). The ADEA defines an employer in virtually the same way, except that an employer must have twenty or more employees. 29 U.S.C. § 630(b).

identical, it is likely that Stephen Marcus, as an individual, could not be liable under the ADEA"). In Csoka v. United States Gov't, the Seventh Circuit expressly stated that there is no individual liability under the ADEA; however the Seventh Circuit did not publish that opinion. No. 94-1204, 1996 U.S. App. LEXIS 20583, at * 21 (7th Cir. Aug. 12, 1996) ("The ADEA, like Title VII, does not authorize individual liability claims . . . .").

Northern District of Illinois courts have generally followed the lead of the Seventh Circuit, and declined to find individual or supervisor liability under the ADEA. See Sayad v. Dura Pharm., Inc., 200 F.R.D. 419, 423 (N.D. Ill. 2001) (individual defendants "likely cannot be sued under the ADA or the ADEA"); see also Whitchurch v. Apache Prods. Co., 916 F. Supp. 809, 812 (N.D. Ill. 1996) (an individual defendant "cannot be held liable under the ADA or the ADEA under current Seventh Circuit law . . . ."); Vakharia v. Little Co. of Mary Hosp., 917 F. Supp. 1282, 1296 (N.D. Ill. 1996) ("Individual employees, not otherwise qualifying as employers, cannot be held liable under Title VII or the ADEA"). A number of Northern District Courts have also issued unpublished opinions holding that there is no individual liability under the ADEA. See Simonsen v. Bd. of Educ., No. 01-3081, 2002 U.S. Dist. LEXIS 2361, at * 31 (N.D. Ill. Feb. 13, 2002); see also Hewitt v. Metro Water Reclamation Dist. of Greater Chicago, No. 01-9218, 2002 U.S. Dist. LEXIS 18860, at *15 (N.D. Ill. Sept. 27, 2002); Willett v. Dept. of Children and Family Servs., No. 98–4715, 1998 U.S. Dist. LEXIS 19256, at * 6 (N.D. Ill. Dec. 3, 1998).

*2. Rejection of Supervisor Liability by Other Circuits*

The Seventh Circuit is not the only Circuit to reject the concept of supervisor liability under the ADEA. "[T]he appellate courts consistently hold that liability [in employment

discrimination law] should fall solely to the employer, thus prohibiting individual liability . . . ." Tammi J. Lees, *The Individual vs. The Employer: Who Should be Held Liable in Employment Discrimination Law?*, 54 CASE W. RES. L. REV. 861, 863 (2004). There is an "emerging view among federal circuit courts of appeal [that] takes the position that Congress did not intend to allow for personal liability under Title VII or the ADEA." David J. Hanus, *Individual Supervisor Liability under Title VII and the ADEA*, 45 DRAKE L. REV. 999, 1001 (1997). For example, the following Circuits have all firmly rejected supervisor liability under the ADEA: the Fifth Circuit, in Stults v. Conoco, Inc., 76 F.3d 651, 655 (5th Cir. 1996); the Eleventh Circuit, in Smith v. Lomax, 45 F.3d 402, 403 n.4 (11th Cir. 1995); the Ninth Circuit, in Miller v. Maxwell's Int'l, Inc., 991 F.2d 583, 587 (9th Cir. 1993). The reasoning of these Circuits is similar to the Seventh Circuit's: Congress simply did not intend for individual liability under Title VII, the ADA, or the ADEA. See, e.g., Stults, 76 F.3d at 655 (noting the similarities in statutory language between Title VII and the ADEA, and holding that there is no individual liability under the ADEA).

**D. Cheng Cannot Hold His Supervisor Individually Liable Under the ADEA**

The court is persuaded by the reasoning of the other circuits listed above, and is obviously bound by Seventh Circuit precedent. The court therefore holds that there is no individual, or supervisor, liability under the ADEA. See, e.g., Horowitz, 260 F.3d at 610 n.2; Stults, 76 F.3d at 655. Cheng has brought suit only under the ADEA, Compl., ¶ 9, and he has sued only his supervisor, Benson. Id., at 1. Cheng can thus prove no set of facts under this Complaint that would entitle him to relief. See Weizeorick, 337 F.3d at 830. Dismissal of Cheng's Complaint is proper, as "there is no possible interpretation of the complaint under which it can state a claim." See Flannery, 354 F.3d at 637. The court therefore dismisses Cheng's Complaint,

pursuant to Rule 12(b)(6).

## III. CONCLUSION

For the foregoing reasons, Paul Cheng's Complaint is dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(6).

IT IS SO ORDERED.

ENTER: Charles Norgle

CHARLES RONALD NORGLE, Judge
United States District Court

DATED: 2-24-05